IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT ANTHONEY<br>23 NORTH FRONT STREET<br>APT. 2<br>SOUDERTON, PA  18964<br><br>and<br><br>PARMEET MAAN<br>309 WEST GRANT STREET<br>EASTON, PA 18042<br><br>and<br><br>RYAN GARCIA<br>1710 HASTINGS ROAD<br>BETHLEHEM, PA 18017<br><br>Plaintiffs<br><br>v.<br><br>EXECUTIVE CELLULAR PHONES, INC.<br>68 VERONICA AVENUE, SUITE 9<br>SOMERSET, NJ  08873<br><br>Defendant | : CIVIL ACTION<br>:<br>: NO. |

## COMPLAINT

Plaintiffs, Robert Anthoney, Parmeet Maan and Ryan Garcia, by their attorneys, Hamburg, Rubin, Mullin, Maxwell & Lupin, P.C., hereby files the above-captioned cause of action against Defendant, Executive Cellular Phones, Inc. and in support thereof, avers as follows:

1. Plaintiff, Robert Anthoney is an adult individual currently living at 23 North Front Street, Apt. 2, Souderton, Pennsylvania 18964.

2.   Plaintiff, Parmeet Maan is an adult individual currently living at 309 West Grant Street, Easton, Pennsylvania 18042.

3.   Plaintiff, Ryan Garcia is an adult individual currently living at 1710 Hastings Road, Bethlehem, Pennsylvania 18017.

4.   Defendant, Executive Cellular Phones, Inc., is a New Jersey corporation with a principal place of business located at 68 Veronica Avenue, Suite 9, Somerset, New Jersey 08873.

5.   Defendant owns and operates multiple T-Mobile retail stores operating said stores throughout Pennsylvania, New Jersey and New York.

6.   At all times relevant hereto, it is believed and therefore averred that Defendant has had an annual dollar volume of sales in excess of $500,000.00, was an "enterprise" within the meaning of the Fair Labor Standards Act ("FLSA") and regularly engaged in interstate commerce.

7.   At all times relevant hereto, Defendant was Plaintiffs' employer within the meaning of the FLSA, Pennsylvania Minimum Wage Act ("PMWA") and Pennsylvania's Wage Payment and Collection Law ("WPCL").

## JURISDICTION AND VENUE

8.   This court has jurisdiction over this action pursuant to 29 U.S.C. §201 et. seq., 29 U.S.C. §216 and 28 U.S.C. §§1331 and 1337.

9.   This court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367 (a).

10.   Venue is proper in the Eastern District of Pennsylvania under 28 U.S.C. §1391 (b) and (c) in that Defendant operates retail stores in this District and all or a substantial part of the events and/or omissions giving rise to Plaintiff's claims occurred in this District.

## FACTUAL BACKGROUND

11. Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

12. Plaintiff Robert Anthoney began working for Defendant on or about July 1, 2013 as a sales clerk inside Defendant's Montgomeryville, Pennsylvania store.

13. Plaintiff Parmeet Maan began working for Defendant in 2012 as a sales clerk inside Defendants' Montgomeryville, Pennsylvania store.

14. Plaintiff Ryan Garcia began working for Defendant on or about April 2013 as a sales clerk inside Defendants' Montgomeryville, Pennsylvania store.

15. During the course of Plaintiffs' employment with Defendant, Defendant paid Plaintiffs between $7.25 per hour and $8.25 per hour.

16. Several weeks after Plaintiffs' employment commenced, Plaintiffs also became eligible for commissions in amounts which were dependent upon Plaintiffs' total sales.

17. Plaintiffs routinely worked more than 40 hours per work week at Defendant's request and for Defendant's benefit.

18. At all times relevant hereto, Plaintiffs were not exempt employees and were therefore entitled to receive overtime pay for all hours worked more than 40 in any given work week pursuant to the FLSA and/or PMWA.

19. Defendant did not pay mandated overtime pay to Plaintiffs equal to one and one-half times Plaintiffs' regular rate of pay, knew that its payment practices were unlawful or acted in reckless disregard to the legal requirement to pay overtime pay.

20. Defendant's failure to pay overtime pay for hours worked over 40 in a given work week was willful.

## COUNT I- VIOLATION OF THE FAIR LABOR STANDARDS ACT

21. Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth at length herein.

22. Defendant's failure to compensate Plaintiffs in an amount equal to one and one-half times Plaintiffs' regular rate of pay for hours worked over 40 in a work week is a violation of the FLSA.

23. Defendant willfully violated the FLSA and/or acted with reckless disregard to the overtime requirements of the FLSA.

24. Defendant did not have a good faith belief or other reasonable grounds to believe that it did not need to pay the requisite overtime pay to Plaintiffs for hours worked over 40 in a given work week.

25. As a direct and proximate result of Defendant's violation of the FLSA, Plaintiffs have suffered damages in the form of lost overtime pay and are entitled to recover all overtime pay that was due and yet unpaid, plus liquidated damages in an equal amount to the unpaid overtime pay, plus attorney's fees, interest and costs.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment in their favor and against Defendant, Executive Cellular Phones, Inc. and award Plaintiffs damages equal to Plaintiffs' unpaid overtime pay plus liquidated damages, attorney's fees, interest and costs.

## COUNT II- VIOLATION OF THE PENNSYLVANIA MINIMUM WAGE ACT

26. Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth at length herein.

27. Like the FLSA, the PMWA requires employers to compensate their employees in the amount of one and one-half times their regular rate of pay for all hours worked over 40 in a given work week.

28. By failing to pay Plaintiffs the required overtime pay, Defendant willfully and/or recklessly violated the overtime requirements of the PMWA.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment in their favor and against Defendant, Executive Cellular Phones, Inc. and award Plaintiffs damages equal to Plaintiffs' unpaid overtime pay plus liquidated damages, attorney's fees, interest and costs.

## COUNT III- VIOLATION OF THE PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW

29. Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth at length herein.

30. At all times relevant herein, Defendant was an employer as defined under the WPCL. *See 43. P.S. §260.2a.*

31. By failing to pay the requisite overtime pay as set forth above, Defendant violated the WPCL.

32. Defendant's violation of the WPCL was willful and Plaintiffs are entitled to recover all outstanding unpaid wages, attorney's fees and liquidated damages equal to 25% of the outstanding unpaid wages, plus costs.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment in his favor and against Defendant, Executive Cellular Phones, Inc. and award Plaintiffs damages equal to Plaintiffs' unpaid overtime pay plus liquidated damages, attorney's fees, interest and costs.

Respectfully submitted,

HAMBURG, RUBIN, MULLIN,
MAXWELL & LUPIN

Date: 1/5-/16          By: _____
ETHAN R. O'SHEA, ESQUIRE
Attorney for Plaintiffs I.D.#69713
HAMBURG, RUBIN, MULLIN,
MAXWELL & LUPIN
375 Morris Road, PO Box 1479
Lansdale, PA  19446
Ph: 215-661-0400
Fax: 215-661-0315
eshea@hrmml.com